# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00076-MR

| | |
|---|---|
| **KEVIN GERALD GOUGE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **NANCY A. BERRYHILL,** Acting ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I.   PROCEDURAL HISTORY

The Plaintiff Kevin Gerald Gouge filed an application for a period of disability and disability insurance benefits on March 2, 2013, alleging an onset date of August 21, 2012. [Transcript ("T.") 121-23]. The Plaintiff's claim was denied initially and on reconsideration. [T. 44-71, 72-75]. Upon the Plaintiff's request, a hearing was held on July 2, 2014, before Administrative Law Judge Sherman D. Schwartzberg ("ALJ Schwartzberg"). [T. 24-43, 76-77]. The Plaintiff testified at this hearing, as did a vocational

expert ("VE"). On September 3, 2014, ALJ Schwartzberg issued a decision denying the Plaintiff benefits. [T. 7-19]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1,

Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id. In this case, the ALJ's determination was made at the fifth step.

## IV. THE ALJ'S DECISION

In denying the Plaintiff's claim, the ALJ found that the Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016, and that he has not engaged in substantial gainful activity since the alleged onset date of August 21, 2012. [T. 12]. The ALJ then found that the medical evidence established that the Plaintiff has the following severe impairments: fibromyalgia, degenerative disc disease, degenerative joint disease of the left wrist, and obesity. [T. 12-13]. The ALJ specifically found that the Plaintiff's other claimed conditions, including rheumatoid arthritis,

4

anxiety, and depression, did not result in any significant functional limitations and were therefore not severe impairments. [Id.]. The ALJ determined that none of Plaintiff's impairments, either singly or in combination, met or equaled a listing. [T. 13]. The ALJ then assessed the Plaintiff's residual functional capacity (RFC) [T. 13-17], finding as follows:

> [T]he [Plaintiff] has the residual functional capacity to perform simple, routine, repetitive work at the light level of exertion . . . which includes occasional postural limitations, no climbing ladders, ropes, or scaffolds, occasional overhead reaching with the left upper extremity, avoid concentrated exposure to hazards and vibrations, and allows for a sit/stand option at will.

[T. 13]. Based on this RFC, the ALJ then determined that the Plaintiff could not perform any of his past relevant work as a machine fixer or as a worker in the carpet industry. [T. 17]. Considering the Plaintiff's age, education, work experience, and RFC, the ALJ further concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. [T. 17-18]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from the alleged onset date through the date of the ALJ's decision. [T. 18].

## V. DISCUSSION[1]

The Plaintiff asserts as his sole assignment of error that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the vocational expert's testimony." [Doc. 12 at 7].

After asserting this sole assignment of error, the Plaintiff then goes on to argue, without any meaningful explanation, that the ALJ's "evaluation of the vocational expert's testimony is in the heartland of the errors described by the U.S. Court of Appeals in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)." [Id. at 10]. The Plaintiff then appears to argue that the ALJ erred in failing to incorporate into the RFC both mental and physical limitations resulting from the Plaintiff's fibromyalgia, anxiety, and depression. [Id. at 12-13].

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

(W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into his sole assignment of error, the Court disregards those arguments.[2]

---

[2] Even if the Plaintiff had properly presented these arguments as separate assignments of error, the Court would still conclude that remand is not warranted. First, the Court finds upon review of the record that there is substantial evidence to support the ALJ's determination at step two of the sequential evaluation that the Plaintiff's depression and anxiety did not result in any significant functional limitations and therefore were not severe impairments. Second, there is substantial evidence in the record to the support the ALJ's determination that the physical limitations resulting from the Plaintiff's fibromyalgia were adequately addressed by the limitations set forth in the RFC.

Further, the Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is completely off the mark. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and internal quotation marks omitted). Here, however, the ALJ included a limitation to simple, routine, repetitive work based on the Plaintiff's *complaint of pain,* not because of

In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> Let's assume for the sake of this first hypothetical that we have basically the same person, same age, same education level, same work experience. Let's assume this person could do light work, occasional posturals, no ropes, ladders, scaffolds, overhead reaching occasional with the left upper extremity, avoid concentrated exposure to hazards, and concentrated exposure to vibrations, limited to simple, routine, repetitive work. Would there be jobs?

[T. 40]. The VE responded in the affirmative, indicating that the following jobs would be available: office mail clerk (3,800 jobs in North Carolina and at least 137,000 jobs in the United States economy); information clerk (7,300 jobs in North Carolina and at least 500,000 jobs in the United States economy); and cloth folder (2,900 jobs in North Carolina and at least 250,000 jobs in the United States economy). [T. 40-41].

The ALJ then posed a hypothetical with the same limitations but at the sedentary exertional level. The VE again responded in the affirmative,

---

any limitations in concentration, persistence or pace. [T. 16]. In fact, the ALJ found that the Plaintiff had no severe mental impairments [T. 13], a finding which is supported by substantial evidence in the record. As such, Mascio is simply not applicable to this case.

indicating that the following jobs would be available: telephone information clerk (4,300 jobs in North Carolina and at least 150,000 jobs in the United States economy); order clerk (3,300 jobs in North Carolina and at least 160,000 jobs in the United States economy); and weaver/defect clerk (2,300 jobs in North Carolina and at least 125,000 jobs in the United States economy). [T. 41]. In his third hypothetical, the ALJ posed the same hypothetical as the first, with the additional limitation of requiring a sit/stand option at will. The ALJ replied that there would be the same type and number of jobs as identified in response to the first hypothetical. [T. 41-42].

The third hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The VE in turn responded that there were still jobs in substantial numbers both in the regional and national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record but that was not addressed in the RFC. Further, the Plaintiff does not contend that the VE's testimony in response to the ALJ's hypothetical was in any way erroneous. For these reasons, the Court concludes that the ALJ did not err in his evaluation of the VE's testimony.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: September 11, 2017

Martin Reidinger
United States District Judge